Claim #42654 Q 828

**DEFENDANT'S COPY**

# IN THE CHANCERY COURT FOR CAMPBELL COUNTY, TENNESSEE
## AT JACKSBORO

| | |
|---|---|
| VIOLA FREDERICK, )<br>Plaintiff, )<br>vs. )<br>STATE FARM FIRE AND CASUALTY )<br>COMPANY a/k/a and d/b/a )<br>STATE FARM INSURANCE COMPANY and/or )<br>STATE FARM FIRE AND CASUALTY )<br>COMPANY, )<br>Defendants. ) | No. 7CH1-2018-CV-101 |

### SUMMONS

To the above named Defendant(s): **STATE FARM FIRE AND CASUALTY COMPANY a/k/a and d/b/a STATE FARM INSURANCE COMPANY and/or STATE FARM FIRE AND CASUALTY COMPANY**

2500 Memorial Blvd., Murfreesboro, TN 37131 – 0001

You are hereby summoned and required to serve upon, <u>TERRY M. BASISTA,</u> plaintiff's attorney, whose address is P.O. Box 436, Jacksboro, TN 37757, an answer to the Complaint which is herewith served upon you within (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witness, Dennis Potter, Clerk & Master of said Court, at office the ____14th____ day of ____May____ A.D., __2018__, at __2:54__ o'clock __P__ M.

__Dennis Potter__, Clerk & Master
By __Joan Heatherly-Pittman__
Deputy Clerk & Master

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.[T.C.A., § 26-2-114.]

Received this _____ day of _____, 2018, _____ Deputy Sheriff.
(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 2018, I served this summons together with the complaint, herein as follows:_____

_____

SHERIFF-DEPUTY SHERIFF
PROCESS SERVER

_____
Defendant acknowledges receipt of documents

ADA FOR ASSISTANCE CALL

Case 3:18-cv-00231-PLR-DCP   Document 1-1   Filed 06/12/18   Page 1 of 8   PageID #: 4

IN THE CHANCERY COURT FOR CAMPBELL COUNTY, TENNESSEE
AT JACKSBORO

VIOLA FREDERICK, )
)
    Plaintiff, )
)
vs. ) No. 7CH1 2018-
) CV-101
STATE FARM FIRE AND CASUALTY )
COMPANY a/k/a and d/b/a )
STATE FARM INSURANCE COMPANY and/or )
STATE FARM FIRE AND CASUALTY )
COMPANY, )
)
    Defendants. )

## COMPLAINT

Comes now the Plaintiff and sues the Defendants, and for cause of actions says as follows, to-wit:

(1)    The Plaintiff is at all times pertinent hereto a citizen and resident of Campbell County, Tennessee, residing at 435 College Hill Road, Lafollette, TN 37766. The Plaintiff avers that she has owned her home at the above address since 1991, and as always been insured by "State Farm," having even been insured by "State Farm" since approximately 1983 with respect to other dwellings. The Plaintiff makes mention of this fact purely for reason that thus far she has been unable to obtain a copy of her dwelling policy of insurance from State Farm for reason that it has been represented to her that they no longer have a copy of her policy. This fact is part of the fraudulent pattern of behavior of which the Plaintiff complains in this action as will be hereinafter delineated, all of which has given rise to her current state of frustration, exasperation, and desperation which prompts her to file this action.

(2) The Plaintiff avers that she verily believes that she has insurance with that entity known as "State Farm Fire and Casualty Company," the Defendant herein, which company is presently listed as "inactive" with the office of the Tennessee Secretary of State. However, it is believed that the Commissioner of Commerce And Insurance would be the Registered Agent at the office of the Tennessee Department of Commerce and Insurance at 500 James Robertson Pkwy., Nashville, TN 37243 – 1204. The said Defendant also maintains an address of 2500 Memorial Blvd., Murfreesboro, TN 37131 – 0001, at which address it may be served with process. The Plaintiff verily believes that her policy number is 42–B4–1070–8. The said Defendant (d/b/a/and a/k/a) is hereinafter referred to simply as "State Farm." The Plaintiff adds herein that her agent and his staff have been as cooperative and helpful as she believes they were permitted to be, and she ascribes no culpable fault to them. Rather, the Plaintiff verily believes that her inability to obtain any further competent handling of her claim is simply the result in part of the fact that the Plaintiff is 92 years of age and not expected to have a life long enough to get her house fixed if the Defendant simply "waits out" the Plaintiff. Or, the Defendant could simply be just committing fraud upon the Plaintiff and breaching the contract of insurance — simply trying to avoid having to pay an expensive claim— the age-old motivation of saving money.

(3) The Plaintiff's cause of action came about in part because of a casualty loss suffered to her dwelling house at the above address on or about May 15, 2015, when a 93-year-old man drove his out-of-control vehicle into the Plaintiff's home causing significant structural damage and some damage to the contents of the dwelling. The said vehicle which struck the Plaintiff's home was insured by Erie Insurance Company which promptly paid a claim for damage caused in the same mishap to a vehicle owned by the Plaintiff's grandson which was also struck on the same event.

However, State Farm advised that they "would handle everything" vis-à-vis Erie Ins. Co. and to "simply let them handle it all." State Farm further advised the Plaintiff that the vehicle which struck her home was minimally insured by an individual who had no assets, and that there would be no point in pursuing any action against the individual driver and/or the owner of the vehicle. The Plaintiff had an does not now have any reason to dispute those allegations. Accordingly, the Plaintiff trusted State Farm to handle her claim for damages to her dwelling house. In her years of being insured with State Farm she had never had any prior problem with State Farm.

(4)     Over a period of months which grew into years State Farm employed three different claims adjusters, each of whom made an examination of the Plaintiff's property, and made various recommendations and representations. At one point at the recommendation of State Farm the Plaintiff attempted to retain an independent adjuster to make an evaluation and appraisal of her claim, ultimately for the purpose of participating in an appraisal panel with State Farm and a third adjuster/appraiser chosen in turn by the two other appraisers/adjusters, the three of whom then presumably would work out an agreement as to the repairs which would be needed. However, State Farm — without any justification or stated reason — rejected the Plaintiff's choice, even though that same appraiser/adjuster had worked with State Farm on many prior occasions, and advisedly successfully. Then, State Farm chose yet another independent appraiser/adjuster from North Carolina ostensibly for the same purpose, but the Plaintiff never heard from such appraiser/adjuster and indeed does not know the identity of that individual or company.

(5)     At one time a contractor from Knoxville was employed to do some work on the dwelling which included work that the contractor performed on the roof of the dwelling for an inflated price, which work essentially replaced the roof which was not in fact damaged, but did not

Page 3 of 7

Case 3:18-cv-00231-PLR-DCP   Document 1-1   Filed 06/12/18   Page 4 of 8   PageID #: 7

replace or repair the structural supports under the roof which was in fact as far as the Plaintiff is aware the only problem with the roof. That contractor charged approximately $18,000 (based upon State Farm's estimate) to replace the roof, when in fact the Plaintiff had previously replaced the roof with the same materials several years prior for approximately $2500 or thereabouts. Upon examination the Plaintiff discovered that the structural supports under the new roof had in fact not been replaced or repaired, at which point the contractor was terminated. The roof now leaks.

(6)     Ultimately, after having sent at least 2 drafts to the Plaintiff which drafts were in an insufficient amount, State Farm ultimately paid the Plaintiff the sum of approximately $29,000 to be used to repair work which all parties involved knew early on would exceed $40,000 and would possibly "total the house" if everything were fixed back in its pre-existing condition.

(7)     The Plaintiff is not expecting perfection, and has never insisted upon perfection. However, there are multiple areas around the house with gaping separations in the structure, all of which were obviously caused by the impact of the vehicle onto the Plaintiff's dwelling. On one occasion State Farm employed a contractor to excavate around the house to reveal the condition of the footings and foundations, but the excavations were resealed improperly in that the original lay of the ground was tiered so as to keep water from flowing toward the house, but the refilling of the excavation was not tiered, with the effect that water no longer runs away from the house as it did prior to the excavation. Moreover, the Plaintiff was advised erroneously that the cracks in her home were caused by settling of the structure when in fact the cracks of which the Plaintiff complains did not exist prior to the impact of the vehicle upon the Plaintiff's structure.

(8)     Ultimately on or about October 27, 2017 State Farm forwarded a letter to the Plaintiff submitting a new draft to replace two previous drafts. The Plaintiff was also advised that they were

closing their file on her claim even though the damage to her dwelling remains unrepaired. Indeed, the wall where the vehicle entered the Plaintiff's home — an approximately 16 foot-long wall — was repaired by a family member of the Plaintiff using plywood and a covering tarp, in which condition continues to this day.

(9) Then to add insult to injury State Farm within a few weeks of the claim canceled the Plaintiff's homeowners policy. And since then until the present time the Plaintiff has been unable to obtain a new homeowners policy for reason that she is advised that she cannot obtain replacement insurance coverage while a claim is still outstanding. So although State Farm has closed its file and refuse to make all needed repairs to the Plaintiff's home, she is unable to obtain a new homeowners policy because her claim is apparently still outstanding. The Plaintiff does, however, have a forced policy to cover her mortgage indebtedness.

(10) The Plaintiff avers that the aforementioned acts and omissions of State Farm constitutes common-law fraud for all of which the Plaintiff is entitled to recover both compensatory and punitive damages. It also constitutes a breach of her contract of insurance once she is able to determine what her contract of insurance states if and when she ever receives a copy of same, which the Plaintiff is now aware that State Farm does indeed have a copy of same.

**WHEREFORE PREMISES CONSIDERED, YOUR PLAINTIFF PRAYS AS FOLLOWS:**

(1) That process issue as provided by law, advising the Defendant of the nature and pendency of this cause, and requiring it to appear, answer, and make defense to the matters set forth therein, submitting its answer under oath.

(2) **WHEREFORE**, the Plaintiff, sues the Defendant, **State Farm (by whatever name it is engaged in business)**, for actual damages, economic and non-economic, treble damages,

punitive damages, attorneys fees, litigation expenses, court cost and discretionary cost, all not to exceed Seventy Five Thousand Dollars ($75,000.00) and other non-economic relief deemed reasonable and proper by the trier of fact in this cause. Wherefore, the Plaintiff requests this Honorable Court to determine the rights of the parties and to require specific performance of the Plaintiff's contract of insurance.

(3) That the Plaintiff have such other and further and general relief as to which she may be entitled in this cause including her attorneys fees and discretionary cost pursuant to TRCP 54.04(2) and the cost of this cause.

RESPECTFULLY SUBMITTED this 14th day of MAY, 2018.

_____
Viola Frederick, Plaintiff

_____
Terry M. Basista (BPR #001978)
Attorney for Plaintiff
Basista & Balloff
P.O. Box 436
105 Church Alley
Jacksboro, TN 37757-0436
(423) 562-1490
FAX: 566-2960
jural@aol.com

IN THE CHANCERY COURT FOR CAMPBELL COUNTY, TENNESSEE
AT JACKSBORO

| | |
|---|---|
| VIOLA FREDERICK, | ) |
| Plaintiff, | ) |
| vs. | ) No. 7CH1-2018-CV-101 |
| STATE FARM FIRE AND CASUALTY COMPANY a/k/a and d/b/a STATE FARM INSURANCE COMPANY and/or STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| Defendants. | ) |

## COST BOND

KNOW ALL MEN BY THESE PRESENTS:

That we, the undersigned Principal and Surety, are held and firmly bound unto Campbell County, Tennessee, to be void on condition that the said above bound plaintiff doth with effect prosecute an action which she is about to commence in the Chancery Court for Campbell County, Tennessee, in the above styled action, or pay all such costs and damages as may at any time be adjudged against the said above bound plaintiff for failure so to do.

Witness my hands this 14th day of MAY, 2018.

_____
VIOLA FREDERICK, SURETY

_____
BARBARA NULF, SURETY

_____
TERRY M. BASISTA, SURETY